UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 23-mj-569 (DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL STEVEN SPAR,<br><br>Defendant. | **ORDER REGARDING PROBABLE CAUSE AND DETENTION** |

This matter came before the Court on July 25, 2023, for a preliminary hearing and the government's motion for detention. Defendant Michael Steven Spar was present and represented by Attorney Daniel L. Gerdts. The United States was represented by Assistant United States Attorney Matthew D. Forbes. For the reasons that follow, the Court finds that probable cause exists to believe the alleged offense has been committed, and the Court grants the government's motion for detention.

## FINDINGS OF FACT

1. On July 20, 2023, the United States filed a complaint alleging that Spar possessed with the intent to distribute 50 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). (Doc. 1.) The complaint was sworn out by and supported by an affidavit from Ramsey County Sheriff's Deputy and Drug Enforcement Agency Task Force Officer Christian Freichels. (*Id.*; Doc. 1-1.)

2. The alleged offense authorizes the United States to seek detention in this case, because the alleged violation of the Controlled Substances Act carries a maximum term of

imprisonment of more than 10 years.  *See* 18 U.S.C. § 3142(f)(C); 21 U.S.C. § 841(b)(1)(B) (authorizing imprisonment for "not more than 40 years").

3. At the hearing, the government called Freichels as a witness, and he testified to the following:

    a. On each of two separate occasions, on July 14, 2021, and August 3, 2021, while under the physical surveillance of Freichels and other officers, Spar delivered a package of drugs to a confidential reliable informant who was working with law enforcement. The drugs were later tested and weighed by officers, with results indicating each package of drugs contained a mixture or substance containing methamphetamine weighing about one pound, or about 454 grams. Officers identified Spar as the man who delivered the drugs based on Spar's appearance, by comparing photos of him delivering the drugs to photos from Spar's social media and driver's license record. At the hearing, Freichels also made an in-court identification of Spar as the person who delivered the drugs.

    b. During the 2021 deliveries, Spar was wearing a jacket that indicated he was "prospect" for the Hell's Angels Motorcycle Club, members of which have committed numerous acts of violence. Later, Spar became a member of the Hell's Angels.

    c. On three occasions, Spar has fled from police, in September 2021, in June 2023, and in July 2023. The September 2021 event resulted in Spar's

arrest, and officers found him to be in possession of about 23 grams of methamphetamine, as well as a firearm and ammunition.

4. Counsel to Spar cross-examined Freichels during the hearing.

5. A pretrial services report prepared by the Probation Officer Spar has previously violated probationary conditions on numerous occasions, and twice failed to appear for legal proceedings.  The report also indicates that during Mr. Spar's June 2023 flight from police, he drove his car at a rate of 128 miles per hour.

6.  Counsel to Spar informed the Court that substance-abuse treatment may be appropriate for Spar, and that Spar reserves the right to at a later date move the Court to re-open the issue of detention.

## CONCLUSIONS OF LAW

1.  Based on the above findings of fact, probable cause exists to believe that on or around the alleged dates, Spar possessed a controlled substance, namely methamphetamine; knew he possessed a controlled substance; intended to distribute some or all of that controlled substance; and his offense involved 50 or more grams of a mixture and substance containing methamphetamine, all in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B).

2.   Because Spar is charged with an offense under the Controlled Substances Act that has a maximum term of imprisonment of 10 years or more, there is a rebuttable presumption that no condition or combination of conditions will reasonably ensure his appearance in court and the safety of the community.  18 U.S.C. § 3142(e)(3)(A).

3. After consideration of the factors under 18 U.S.C. § 3142(g), the presumption of detention, the allegations of the complaint, the testimony presented at the hearing, and the information in the pretrial services report, the Court concludes by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Spar's appearance at further Court proceedings, and by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community if Spar is released pending trial.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Probable cause exists to believe the alleged offense was committed and that Spar committed it.

2. The motion of the United States for detention is granted.

3. Spar is committed to the custody of the Attorney General.

4. Spar shall be afforded reasonable opportunity to consult privately with counsel.

5. The Attorney General shall deliver Spar to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated:   July 27, 2023

                                            *s/Dulce J. Foster*
                                            Dulce J. Foster
                                            United States Magistrate Judge